# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SYL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 08 C 7264 |
| v. | ) |
| | ) |
| CYPRESS HILL et al., | ) Honorable Charles R. Norgle |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Defendants'[1] motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) on the grounds that Plaintiff Syl Johnson's ("Johnson") amended complaint is barred by the doctrine of res judicata or by the applicable statute of limitations. For the following reasons, the motion is granted.

## I. BACKGROUND

This case is Johnson's second attempt to bring these claims against Defendants. He initiated a related case on December 31, 2003, Johnson v. Cypress Hill, No. 03 C 9452 ("Johnson I"), in which he claimed that Defendants, without Johnson's permission, used a song he wrote in 1969 called, "Is It Because I'm Black." Then, on April 23, 2004, after obtaining counsel, Johnson filed an amended complaint, alleging copyright infringement of registration SRU-360-891, which Johnson filed with the U.S. Copyright Office as a collection of songs on a cassette tape. As it turned out, though, in 2006 the parties discovered that registration SRU-360-

---

[1] The Court shall address the following parties collectively as "Defendants": Cypress Hill; Lawrence Muggerud; Senen Reyes; Louis Freese; BMG Songs, a division of BMG Music Publishing NA, Inc., f/k/a/ BMG Songs, Inc.; Cypress Phunky Music, Universal Music Corp., d/b/a Universal – MCA Publishing, f/k/a MCA Music Publishing; Soul Assassins Music; and Sony BMG Music Entertainment as successor in interest to Sony Music Entertainment, Inc.

891 did not contain a recording of "Is It Because I'm Black." The parties nevertheless proceeded with discovery.

In June 2006, Johnson's co-writer, Glen Watts, filed his own infringement action against the same Defendants as to the same song, eventually deleting from his claim any reference to SRU-360-391, while relying solely on copyright PA 1-192-702, which he filed with the Copyright Office in 2003. Johnson, meanwhile, continued to rely on SRU-360-391 as the basis for his claim. Eventually, when discovery closed in Johnson's case, Defendants moved for summary judgment on the ground that Johnson had no copyright in the sound recording underlying his claim.

Defendants' motion for summary judgment became fully-briefed on March 21, 2008. Then, on May 5, 2008, over four years after the case commenced and while Defendants' motion for summary judgment was pending, Johnson filed a motion for leave to file a second amended complaint. This time, Johnson sought to abandon his claim for infringement of copyright SRU-360-891 and to instead rely on his co-writer's copyright, PA 1-192-702. He also sought to add against Defendants a new state-law claim for misappropriation.

On May 20, 2008 the Court denied the motion. It reasoned that Johnson "had ample time to cure the defects in his complaint by moving to amend at an earlier date, but instead he chose to sit idly by until the case, for the most part, had been adjudicated." Johnson v. Cypress Hill, 03 C 9452, 2008 WL 4686168, at *2 (N.D. Ill. May 20, 2008). And, as to any prejudice to Defendants, the Court found that the parties already had conducted lengthy and focused discovery on Johnson's claims for infringement of SRU-360-891, and that Johnson couldn't provide the Court with an acceptable excuse as to why he failed to include a claim for

2

misappropriation before discovery closed and before Defendants filed a motion for summary judgment. Id.

On July 7, 2008 the Court granted summary judgment in favor of Defendants, finding that Johnson could not establish an ownership interest in a valid copyright of "Is It Because I'm Black." Johnson v. Cypress Hill, No. 03 C 9452, 2008 WL 4878921 (N.D. Ill. July 7, 2007). In response, Johnson filed a motion to alter the judgment from one granting summary judgment on the merits, to one dismissing the claim for lack of subject matter jurisdiction. The Court denied Johnson's request and affirmed that its decision on the motion for summary judgment was on the merits.

On October 15, 2008 Johnson filed a complaint against Defendants in the Circuit Court of Cook County, "seeking relief under Illinois record piracy protections." Pl.'s Resp. at 5. This state-court complaint mirrored the second amended complaint that Johnson attempted to file in this Court. Then, the following month, Johnson appealed the Court's rulings in Johnson I as to the motion for leave to file a second amended complaint and as to Defendants' motion for summary judgment. The appeal is currently pending. Meanwhile, on December 19, 2008 Defendants removed Johnson's state case to this Court based on diversity jurisdiction. Once the case was removed, Johnson sought to file yet another amended complaint. In response, Defendants moved to dismiss the amended complaint pursuant to res judicata and the expiration of the applicable statute of limitations. The motion is fully briefed and before the Court.

## II. DISCUSSION

### A. STANDARD OF DECISION

"The doctrine of claim preclusion holds that 'a prior decision dismissed on the merits is binding in all subsequent litigation between the same parties on claims arising out of the same

3

facts even if based upon different legal theories or seeking different relief on issues which were or might have been litigated in the prior action but were not.'" Wsol v. Carr, No. 99 C 6834, 2001 WL 1104641, at *10 (N.D. Ill. Sept. 18, 2001) (quoting N. Assurance Co. of Am. v. Square D Co., 201 F.3d 84, 87 (2d Cir. 2000)). Put another way, a final judgment on the merits bars the same parties "from relitigating not only the issues that were in fact raised and decided but also all other issues which could have been raised in the prior action." Lee v. Peoria, 685 F.2d 196, 199 (7th Cir. 1982); Highway J Citizens Group v. U.S. Dep't of Transp., 456 F.3d 734, 741 (7th Cir. 2006) (explaining that res judicata bars not only the claims actually raised in the earlier suit, but also any claims that could have been raised in that suit). The doctrine applies when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties; and (3) a final judgment on the merits of the original suit. Golden v. Barenborg, 53 F.3d 866, 869 (7th Cir. 1995).

## B. CLAIM PRECLUSION

To determine whether res judicata applies and whether Johnson is barred from asserting his claims against Defendants in this case, the Court must consider its decisions in Johnson I and decide whether the three requirements for claim preclusion have been met. Initially, there is no dispute that the identity of the parties is the same in both cases, thus the second requirement above is satisfied.

As to the first requirement, it is undisputed that Johnson's proposed second amended complaint in Johnson I mirrors the amended complaint that he filed in this case. Indeed the allegations he originally proposed in support of his copyright infringement claim are essentially the same allegations he used in support of the state-law claims he presented first in the Circuit Court of Cook County, then here. For the most part, the only thing different about the proposed

4

second amended complaint in Johnson I and the amended complaint in this case is the title of the claims. With this in mind, surely Johnson could have brought the state-law claims he alleges in this case in Johnson I, but for some reason he failed to envision those claims until discovery was complete, a motion for summary judgment was fully-briefed and almost five years had passed since he first initiated the case. Accordingly, we find that the claims Johnson asserted or could have asserted against Defendants in Johnson I are the same as those he asserts here. Cole v. Bd. of Trs., 497 F.3d 770, 772-73 (7th Cir. 2007) (recognizing that two causes of action are identical for claim preclusion where they arose from the "same core of operative facts," which could include "the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment."); Anderson v. Chrysler Corp., 99 F.3d 846, 852 (7th Cir. 1996) ("[T]wo claims are one for purpose of res judicata if they are based on the same, or nearly the same, factual allegations."); cf. Muhammad v. Oliver, 547 F.3d 874, 877 (7th Cir. 2008) (noting that a party that splits his claims into multiple suits "impair[s] judicial economy and would effectively defeat the public policy underlying res judicata."). The first requirement for claim preclusion is satisfied.

With the first two elements satisfied, the last inquiry for this Court to decide is whether the Court entered a final judgment on the merits so that Johnson is barred from litigating in this action the claims he brought or should have brought in Johnson I. On this point, Defendants cite several cases in which various courts "have barred actions on the basis of claim preclusion where a litigant attempt[ed] to assert claims that were contained in a proposed amended complaint in [the] prior lawsuit." Wsol, 2001 WL 1104641, at *10 (citing Landscape Properties, Inc. v. Whisenhunt, 127 F.3d 678, 683 (8th Cir. 1997)). This case involves a similar scenario. Again, in Johnson I this Court rejected as untimely and unduly burdensome the claims Johnson

5

presented in his proposed second amended complaint. Those claims were based on the same allegations that Johnson asserts against Defendants here. For purposes of res judicata, both cases contain the same claims, but Johnson simply failed to pursue his state-law claims in Johnson I. This doesn't change the core common facts that supported those claims. As it happened, then, the Court's decision to deny him the opportunity to amend his complaint constituted a final judgment, and therefore precludes him now from raising those claims in this case, or in any other subsequent litigation against the same Defendants. Wsol, 2001 WL 1104641, at *10 (citing King v. Hoover Group, Inc., 958 F.2d 219, 222-223 (8th Cir. 1992)). As such, the Court finds that the third requirement for res judicata has been met.

In opposition, Johnson first argues that the Court's decisions in Johnson I denying him leave to amend and granting summary judgment to Defendants were not final judgments for purposes of res judicata because he appealed those decisions within thirty days. To support this theory, Johnson asserts that a ruling on the merits becomes final only after the time for appeal has passed and the matter is not appealed. But this theory is not the prevailing view. "The overwhelming majority rule in the federal courts is that a judgment may be given res judicata effect during the pendency of an appeal." Hazel v. Curtiss-Wright Corp., No. 86 C 909, 1992 WL 436236, at *3 (S.D. Ind. Mar. 9, 1992) (collecting circuit court and other cases). In fact, the Seventh Circuit has explained that res judicata can operate despite the fact that an appeal is pending. Kurek v. Pleasure Driveway & Park Dist., 557 F.2d 580, 595 (7th Cir. 1977). Other than the two unpersuasive cases that Johnson cites, he gives the Court no reason to stray from the majority view.

In another effort to refute Defendants' argument, Johnson argues that "there is a serious question as to whether the holding of the order granting summary judgment in the earlier case

6

amounts to a judgment on the merits." Pl.'s Resp. at 11. But, for some reason, Johnson fails to recognize that this Court expressly dismissed Johnson I on its merits. Again, in a series of rulings in Johnson I, the Court denied Johnson the opportunity to amend his complaint, granted summary judgment in favor of Defendants and thereafter denied Johnson's motion to reconsider. What is more, the Court made it clear that its decision to grant summary judgment was on the merits. There is no question on this point, and Johnson's argument to the contrary is unavailing.

Finally, the Court declines to consider Defendants' argument with respect to the three-year statute of limitations for copyright infringement claims. Defendants aptly presented the argument as an alternative to their argument with respect to claim preclusion. But since Defendants were successful in pursuing the latter, the Court sees no reason to decide the alternative argument. Res judicata applies here. Johnson's claims are barred. Accordingly, Defendants' motion to dismiss Johnson's amended complaint is granted with prejudice.

### III. CONCLUSION

For the reasons stated above, Defendants motion to dismiss Plaintiff Syl Johnson's complaint is granted with prejudice.

IT IS SO ORDERED.

ENTER:

*/s/ Charles R. Norgle*

CHARLES R. NORGLE, Judge
United States District Court

DATED: 2/24/10